```
 1
 2
 3
 4
 5
 6                      UNITED STATES DISTRICT COURT
 7                     CENTRAL DISTRICT OF CALIFORNIA
 8                            SOUTHERN DIVISION
 9
                                            )
10   Maureen Lomeli,                        )   SA CV 09-01110 JVS (CWx)
                                            )
11                                          )   I.  ORDER FOR JURY TRIAL
                                            )       SETTING DATES FOR:
12                                          )
                    Plaintiff(s),           )   Discovery Cut-Off:
13                                          )    August 17, 2010
                                            )
14                                          )   Pre-Trial Conference:
            vs.                             )    October 18, 2010
15                                          )   at 11:00 A.M.
                                            )
16   Hull & Company, Inc., et al.,          )   Trial:
                                            )    November 2, 2010
17                                          )   at 8:30 A.M.
                                            )
18                  Defendant(s).           )   II. Order for Preparation
                                            )       for JURY TRIAL
19                                          )
                                            )   III. Order Governing Attorney
20                                          )        & Party Conduct at Trial.
                                            )
21   _____  )
```

                                    **I.**

**SCHEDULING:**

     1. <u>In General</u>:  All motions to join other parties or to amend the pleadings shall be filed and served within sixty (60) days of the date of this order and noticed for hearing within ninety (90) days hereof.  All unserved parties shall be dismissed no later than the date set for the Final Pre-Trial Conference.

February 17, 2009

2. <u>Motions for Summary Judgment or Partial Summary Judgment</u>: Motions for summary judgment or partial summary judgment shall be heard no later than the last day for hearing motions, as set forth in the accompanying minute order.

3. <u>Discovery Cut-Off</u>: The Court has established a cut-off date for discovery in this action. All discovery is to be completed on, or prior to, the cut-off date. Accordingly, the following discovery schedule shall apply to this case:

A. <u>Depositions</u>: All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date. All original depositions to be used in trial shall be lodged with the Courtroom deputy on the first day of trial or such earlier date as the Court may order.

B. <u>Interrogatories</u>: All interrogatories must be served at least forty-five (45) days prior to the discovery cut-off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in extraordinary circumstances.

C. <u>Production of Documents, etc.</u>: All requests for production, etc., shall be served at least forty-five (45) days prior to the discovery cut-off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in extraordinary circumstances.

D. <u>Request for Admissions</u>: All requests for admissions shall be served at least forty-five (45) days prior to the discovery cut-off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in extraordinary circumstances.

E. <u>Discovery Motions</u>:  Any motion respecting the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut-off date. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner.  Consistent resort to the Court for guidance in discovery is unnecessary and may result in the Court appointing a Special Master at the joint expense of the parties to resolve discovery disputes.  The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

F. <u>Disclosure of Expert Testimony</u>:  The above discovery cut-off date includes expert discovery, unless otherwise ordered by Court, and the Court orders the sequence of disclosures provided by Fed. R. Civ. Proc. 26(a)(2)(C), unless the parties otherwise stipulate in writing and obtain the Court's approval.

**FINAL PRE-TRIAL CONFERENCE:**

This case has been placed on calendar for a Final Pre-Trial Conference pursuant to Fed. R. Civ. P. 16.  Strict compliance with the requirements of the Fed. R. Civ. P. and Local Rules are required by the Court.

**II.**

**ORDER FOR PREPARATION FOR JURY TRIAL AND SCHEDULING EXHIBIT CONFERENCE FRIDAY BEFORE TRIAL:  MOTIONS, INSTRUCTIONS, AND EXHIBITS**

The Court ORDERS that all counsel comply with the following in their preparation for trial:

1.  **MOTIONS IN LIMINE**:

All motions *in limine* must be filed and served a minimum of three (3) weeks prior to the scheduled pretrial date. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least two (2) weeks prior to the scheduled pretrial date. All reply documents must be filed and served at least one (1) week prior to the scheduled pretrial date. Motions *in limine* should be used to raise legitimate evidentiary issues, and not as veiled motions for summary adjudication.

The Court limits the number of *in limine* motions which a party or group of affiliated parties may file to four in addition to (1) any *in limine* motion which seeks an exclusionary sanction under Rule 37(c)(1) of the Federal Rules of Civil Procedure and (2) any *in limine* motion which invokes the Court's power under Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 597 (1993), to exclude or limit expert testimony. Motions made on the latter two grounds shall prominently state the basis for the motion in the title of the motion on the caption page. Any party desiring to tender any other *in limine* motions shall file an *ex parte* application no later than seven days prior to the due date for such motions, attaching the proposed motion and making a showing why it is imperative that the issue be dealt with by a motion *in limine*.

The Court deems the following motions to have been made and granted:

February 17, 2009                                        4

• Exclusion of evidence of settlement talks, offers of compromise and similar evidence excludable under Federal Rule of Evidence 408 without an offer of proof first made outside the presence of the jury.

• Exclusion of expert opinions not disclosed under Rule 26(a)(2) of the Federal Rule of Civil Procedure or otherwise subjected to examination at the expert's deposition.

All motions in limine will be heard on the scheduled pretrial date, unless the Court otherwise orders.

2.  **JURY INSTRUCTIONS, VERDICT FORMS, and VOIR DIRE**:

Plaintiff shall serve plaintiff's proposed jury instructions and verdict form on defendant.  Defendant shall serve on plaintiff defendant's objections to plaintiff's instructions and verdict form, together with any alternative verdict form and any additional instructions defendant intends to offer.  Counsel are ordered to meet and confer to attempt to come to agreement on the proposed jury instructions and verdict forms.

Counsel shall file with the Court a JOINT set of jury instructions on which there is agreement.  Defendant's counsel has the burden of preparing the joint set of jury instructions.  At the same time each party shall file its proposed jury instructions which are objected to by any other party, accompanied by points and authorities in support of those instructions.

**Jury instructions** are to be filed with the Clerk <u>at the Southern</u>

<u>Division in Santa Ana</u> and served on opposing counsel as soon as possible.  The Court recommends that jury instructions be submitted at least four (4) court days prior to trial, but not later than the first day of trial.

At the same time, counsel must furnish to the assigned Courtroom Deputy Clerk a diskette of proposed jury instructions containing only the text of the proposed instructions so that unannotated copies may be submitted to the jury during its deliberations.  Counsel may submit the proposed instructions on a 3½" diskette compatible with WordPerfect® 6.0 or later generations of WordPerfect®.

**Objections** to proposed jury instructions must be filed in writing at the Southern Division in Santa Ana.

**Voir Dire:**  At least four (4) court days prior to trial, each counsel shall file with the Clerk <u>at the Southern Division in Santa Ana</u> and serve on opposing counsel any special questions requested to be put to prospective jurors on voir dire.

3.  <u>TRIAL EXHIBITS</u>:

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders that are indexed by exhibit number with tabs or dividers on the right side.  Counsel shall submit to the Court an original and one copy of the binders.  The exhibits shall be in a three-ring binder labeled on the spine portion of the binder showing both the volume number and the exhibit numbers <u>and</u> contain an index of each exhibit included in the volume.  Exhibits must be numbered in accordance with Fed. R. Civ. P. 16, 26, and the Local Rules.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

    A.  The <u>original exhibits</u> with the Court's exhibit tags shall be stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag.

    B.  <u>One bench book</u> with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

    C.  Three (3) copies of exhibit lists, plus a 3 ½" disk in WordPerfect® 6.0 or later generations of WordPerfect®.

    D.  Three (3) copies of witness lists.

    E.  A joint statement of the case suitable for reading by the Court to the prospective panel of jurors prior to the commencement of jury selection. Counsel are ordered to confer and agree to a one-page joint statement of the case no later than five (5) days prior to the trial date.

All counsel are to meet not later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

**III.**

**ORDER GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL**:
**Opening Statements, Examining Witnesses, and Summation**

      A.  Unless otherwise ordered, the trial day will be 9:00 a.m. to noon and 1:30 p.m. to 4:30 p.m. with a 15 minute break during each session.

      B.  At the end of each day, counsel presenting his or her case shall advice opposing counsel of the witnesses anticipated the following day with an estimate the length of direct examination.  Opposing counsel shall provide an estimate of the length of cross–examination.  Cooperation of counsel will ensure a smooth flow of witnesses.

      C.  Opening statements, examination of witnesses, and summation will be from the lectern only.  Counsel must not consume time by writing out words or drawing charts or diagrams.  Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

      D.  In final argument of jury cases, counsel must avoid addressing any juror by name and avoid any appeal to a juror putting the juror in the position of a party, such as "What would you take for such pain?" or "What would you expect your son or daughter to do in the same circumstances?"

      E.  In criminal cases, defense counsel should avoid asking their client such self-serving questions as whether the client is married, has children, has a war record or has ever been arrested.  Such questions are almost always irrelevant.  Where such information would be relevant, in counsel's opinion, counsel must seek advance permission from the Court to inquire.

F. Never strike the lectern for emphasis.

G. The Court will honor reasonable time estimates for opening and closing addresses to the jury. Please be advised this Court will not require a jury to sit longer than 60 minutes in any one session during counsel's summation.

**Objections to Questions:**

A. Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

B. When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so; the Court may or may not grant a request for conference at sidebar. <u>The Court strongly discourage sidebars because they represent an inefficient use of jury time when matters can be anticipated.</u>

**General Decorum:**

A. Please keep the trial low-key. It is not a contest of dramatic ability or an oratorical contest. It is to be a dignified search for the truth.

B. Counsel must not approach the Clerk or the witness box without specific permission. When permission is given, please return to the lectern when the purpose of the permission is finished. Counsel must not engage in questioning a witness at the witness stand.

   C. Please rise when addressing the Court and rise when the jury enters or leaves the courtroom.

   D. Counsel must address all remarks to the Court.  Counsel are not to address the Clerk, the Reporter, persons in the audience, or opposing counsel.  If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record.  Any request for the re-reading of questions or answers shall be addressed to the Court.

   E. Counsel must not address or refer to witnesses or parties by first names alone.  Young witnesses (under 14) may, however, be addressed and referred to by first names.

   F. Counsel must not make an offer of stipulation unless counsel has conferred with opposing counsel and has reason to believe the stipulation will be acceptable.

   G. While Court is in session, counsel must not leave counsel table to confer with any personnel or witnesses in the back of the courtroom unless permission has been granted in advance.

   H. Counsel should not by facial expression, nodding or other conduct exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness.  Counsel should admonish counsel's own client(s) and witnesses to avoid such conduct.

   I. Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a given witness.

**Promptness of Counsel and Witnesses:**

  A. The Court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. It is counsel's duty to tell the Court on the first day of any commitments in any other court on a subsequent day that may result in absence or late arrival.

  B. If a witness was on the stand at a recess, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes.

    (1) If a witness was on the stand at adjournment, it is counsel's duty to have the witness adjacent to, but not on, the stand, ready to proceed, when the court session resumes.

    (2) It is counsel's duty to notify the courtroom deputy clerk in advance if any witness should be accommodated by use of the witness stand's automated platform which lowers and raises to accommodate witnesses who are unable to otherwise take the witness stand.

  C. No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that the party has rested.

  D. The Court attempts to cooperate with physicians, scientists, and all other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be put on out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is

objection, confer with the Court in advance.

**Exhibits:**

      A.  Each counsel should keep counsel's own list of exhibits and should keep track when each has been admitted in evidence.

      B.  Each counsel is responsible for any exhibits that counsel secures from the Clerk and, at all recesses and at noontime and afternoon adjournments, must return all exhibits in counsel's possession to the Clerk.

      C.  An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that the Clerk mark it for identification.  To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court.

      D.  Whenever in counsel's opinion a particular exhibit is admissible, it should be offered unless tactical considerations dictate otherwise.  The motion to admit will dealt with at the next available recess if there is objection.  <u>No exhibit shall be read or displayed to the jury until admitted.</u>

      E.  The Court regards admissibility of exhibits as a legal issue for the Court to rule on unless there is agreement among counsel.  Counsel are admonished to make no motion to introduce an exhibit while the jury is present unless counsel has previously conferred with opposing counsel and knows that there will be no objection to the motion to admit.

      When the Court hears a motion to admit an exhibit before the

jury, the Court will assume that counsel has already cleared admission of the exhibit with opposing counsel and grant the motion.  If any objection is lodged, the Court will expect a full explanation from counsel who made the motion to admit an exhibit while the jury was present.  Counsel are to advise the Clerk of any agreements they have with respect to the proposed exhibits and as to those exhibits that may be received so that no further motion to admit need be made.

   F. When referring to an exhibit, counsel should refer to its exhibit number whenever possible.  Witnesses should be asked to do the same.

   G. The Court resists taking time to pass an exhibit among the jury for viewing when it is admitted.  A request to do so should be made to the Court in a recess period preceding introduction of the exhibit.

   H. Absent unusual circumstances, counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so.  If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts.

**Depositions:**

   A. All depositions that are to be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order.  Counsel should check with the Clerk as to whether any deposition in which counsel is interested is in the Clerk's hands and is properly signed.

   B. In using depositions of an adverse party for impeachment, counsel

shall first announce the page and line reference of the passage desired to be read, and allow opposing counsel an opportunity to state any objection. Counsel shall the use either one of the following procedures:

    (1) If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel may merely read the relevant portions of the deposition into the record.

    (2) If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask the further questions. Counsel should have an extra copy of the deposition for this purpose.

    C. Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedure. A reader should occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions.

**Using Numerous Answers to Interrogatories and Requests for Admissions:**

    Whenever counsel expects to offer answers to interrogatories or requests for admissions, the desired discovery shall be read to the jury. Any objections shall be resolved in advance.

**Advance Notice of Evidentiary or Difficult Questions:**

If any counsel has reason to anticipate that a difficult question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice. Counsel are directed to notify the Clerk at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine* (see Fed. R. Evid. 103). To the maximum extent possible such matters shall be taken outside normal jury hours (e.g., recess, before or after the trial day.

**Juror Questionnaires:**

The Court discourages the use of juror questionnaires except in complex cases or cases involving juror privacy issues. If a party intends to propose a questionnaire, the party shall meet and confer with all parties with the goal of arriving at a joint questionnaire. Any proposed questionnaire shall be submitted to the Court not later than thirty days prior to trial.

**IV.**

The Clerk is ordered to serve a copy of this Order on counsel/parties in this action.

DATED:  January 5, 2010

James V. Selna
United States District Judge

COPIES TO:
COUNSEL OF RECORD
PRO SE PARTIES