1  DOUGLAS A. WICKHAM, Bar No. 127268
   MICHELLE M. HOLMES, Bar No. 251386
2  LITTLER MENDELSON
   A Professional Corporation
3  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
4  Telephone:  310.553.0308
   Facsimile:   310.553.5583
5  E-mail: dwickham@littler.com
   Attorneys for Defendants
6  HULL & COMPANY, INC. and
   BROWN & BROWN, INC.
7
   THE RUBIN LAW CORPORATION
8  Steven M. Rubin (SBN 090867)
   433 N. Camden Drive, Suite 725
9  Beverly Hills, CA 902 10
   Telephone: (310) 3 85-0777
10 Facsimile: (310) 288-0207

11 GLICKMAN & GLICKMAN
   A Law Corporation
12 Steven C. Glickman (SBN 105436)
   Zachary J. Shepard (SBN 240726)
13 9460 Wilshire Blvd., Suite 830
   Beverly Hills, CA 90212
14 Telephone: (310) 273-4040
   Attorneys for Plaintiff  Maureen Lomeli
15
                     UNITED STATES DISTRICT COURT
16
                     CENTRAL DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| MAUREEN LOMELI,<br><br>Plaintiff,<br><br>v.<br><br>HULL & COMPANY, INC., a corporation, BROWN & BROWN, INC., a corporation, and DOES 1 through 50, inclusive,,<br><br>Defendants. | Case No.  SACV 09-1110-JVS(CWx)<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE JAMES V. SELNA<br><br>[PROPOSED] ORDER RE STIPULATION RE PROTECTIVE ORDER<br><br>Complaint Filed: August 12, 2009<br>(Orange Superior Court) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

GOOD CAUSE APPEARING THEREFOR, it is HEREBY ORDERED THAT the Parties Stipulation Re Protective Order, as amended by the court and attached hereto as an Exhibit is hereby entered in its entirety as the order of this Court.

Dated: August 3, 2010

Carla M. Woehrle
~~HON. JAMES V. SELNA~~
Mag. JUDGE, U.S. DISTRICT COURT

C:\Documents and Settings\cbdavis\Desktop\Lomeli - Proposed Order re Protective Order.doc

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

|     |     |
| --- | --- |
| 1   | DOUGLAS A. WICKHAM, Bar No. 127268 |
| 2   | MICHELLE M. HOLMES, Bar No. 251386<br>LITTLER MENDELSON |
| 3   | A Professional Corporation<br>2049 Century Park East, 5th Floor |
| 4   | Los Angeles, CA 90067.3107<br>Telephone: 310.553.0308 |
| 5   | Facsimile: 310.553.5583<br>E-mail: dwickham@littler.com |
| 6   | Attorneys for Defendants<br>HULL & COMPANY, INC. and |
| 7   | BROWN & BROWN, INC. |
| 8   | STEVEN M. RUBIN (SBN 090867)<br>THE RUBIN LAW CORPORATION |
| 9   | 433 N. Camden Drive, Suite 725<br>Beverly Hills, CA 902 10 |
| 10  | Telephone: (3 10) 3 85-0777<br>Facsimile: (310) 288-0207 |
| 11  | STEVEN C. GLICKMAN (SBN 105436) |
| 12  | ZACHARY J. SHEPARD (SBN 240726)<br>GLICKMAN & GLICKMAN |
| 13  | A Law Corporation<br>9460 Wilshire Blvd., Suite 830 |
| 14  | Beverly Hills, CA 90212<br>Telephone: (310) 273-4040 |
|     | Attorneys for Plaintiff Maureen Lomeli |

**NOTE CHANGES MADE BY THE COURT.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN LOMELI,<br><br>Plaintiff,<br><br>v.<br><br>HULL & COMPANY, INC., a corporation, BROWN & BROWN, INC., a corporation, and DOES 1 through 50, inclusive,,<br><br>Defendants. | Case No. SACV 09-1110-JVS(CWx)<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE JAMES V. SELNA<br><br>**STIPULATION RE PROTECTIVE ORDER**<br><br>Complaint Filed: August 12, 2009<br>(Orange Superior Court) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553 0308

Exhibit

I.  **PURPOSE OF STIPULATION AND PROTECTIVE ORDER**

The parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information. Without waiving any objections to the discoverability of any such information, it is the parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects all parties, including non-parties and third parties to this litigation, from the risk of disclosure of such confidential information. Accordingly, the parties, by and through their respective counsel, hereby by stipulate to, and seek the Court's approval of, the following Protective Order.

II. **DEFINITIONS**

1. **Party.** "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees.

2. **Counsel.** "Counsel" means:

    a. Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

    b. The Rubin Law Corporation and Glickman & Glickman, a professional corporation, and their respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

3. **Confidential or Confidential Information.** For the purposes of this Protective Order, the term "Confidential" or "Confidential Information" is information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553 0308

2

1  (1) defendants Brown & Brown, Inc. ("Brown & Brown) and Hull & Company, Inc.
2  ("Hull & Co.") (collectively "Defendants"); (2) plaintiff Maureen Lomeli
3  ("Plaintiff"); or (3) any third parties, the disclosure of which information is likely to
4  have the effect of causing harm to the competitive position of Defendants or to the
5  organization or person from whom the information was obtained, or to the parties'
6  privacy. Confidential Information also includes private information pertaining to
7  Defendants' or a third party's employees, for which Defendants or a third party has a
8  duty to maintain the confidentiality of such information. Information designated
9  Confidential may be used only in connection with this proceeding, and not for any
10 other purpose. Such information may not be disclosed to anyone except as provided
11 in this Order.

12 III.   **DESIGNATION OF PROTECTED INFORMATION**

13     5.   In connection with discovery proceedings in this action, the Parties may
14 reasonably designate any appropriate document, thing, material, testimony or other
15 information derived therefrom, as Confidential under the terms of this Protective
16 Order (hereinafter "Protective Order"). By designating a document, thing, material,
17 testimony, or other information derived therefrom as Confidential, the Party making
18 the designation is certifying to the Court that there is a good-faith basis both in law
19 and fact for the designation within the meaning of Federal Rule of Civil Procedure
20 26(g).

21     6.   Confidential documents shall be so designated by stamping each page of
22 the document produced to a Party with the legend "CONFIDENTIAL." Stamping the
23 legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk
24 or electronic storage device shall designate all contents therein as Confidential, unless
25 otherwise indicated by the producing party.

26     7.   Testimony taken at a deposition, conference, hearing or trial may be
27 designated as Confidential by making a statement to that effect on the record at the
28 deposition or other proceeding or, in the case of a deposition, such designation may be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

3

1  made within thirty (30) days after the receipt of the deposition transcript.
2  Arrangements shall be made with the court reporter taking and transcribing such
3  proceeding to separately bind such portions of the transcript containing information
4  designated as Confidential , and to label such portions appropriately. During the thirty
5  (30) day period, all such deposition transcripts shall be treated as if it had been
6  designated as Confidential.

7      8.    Material designated as Confidential under this Protective Order, the
8  information contained therein, and any summaries, copies, abstracts, or other
9  documents derived in whole or in part from material designated as Confidential
10 (collectively, "Confidential Material") shall be used only for the purpose of the
11 prosecution, defense, or settlement of this action, and for no other purpose.

12     9.    Confidential Material produced pursuant to this Protective Order and
13 marked solely as "Confidential" may be disclosed or made available only to:

14     a.    the Court; a jury, arbitrator, or other trier or determiner of fact in
15 this action; a mediator who has been mutually agreed upon by the Parties;

16     b.    Counsel for a Party (including the paralegal, clerical, and
17 secretarial staff employed by such Counsel);

18     c.    a Party, or an officer, director, or employee of a Party deemed
19 necessary by Counsel to aid in the prosecution, defense, or settlement of this action;

20     d.    experts or consultants (together with their clerical staff) retained by
21 such Counsel to assist in the prosecution, defense, or settlement of this action, except
22 that such experts and consultants shall not be employees of any Party or currently or
23 previously under contract with any Party (except any retention agreement relating to
24 such experts or consultants as experts or consultants in this action), or previously
25 affiliated or associated in any way with any Party;

26     e.    court reporter(s) employed in this action;
27     f.    a witness at any deposition or other proceeding in this action; and
28     g.    any other person as to whom the Parties in writing agree.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4

1 Categories (c)-(g) above shall hereafter be referred to as "Qualified Person(s)." Prior to receiving any Confidential Material, each Qualified Person shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A prior to receiving any Confidential Material. The fully-executed Nondisclosure Agreement shall be retained by Counsel for the Party disclosing such Confidential Material to the Qualified Person.

10. Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 9, subject to the requirements of paragraph 9's requirement of the execution of a Non-Disclosure Agreement.

11. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a Party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that Party shall continue to adhere to such confidentiality obligations. Nothing in this Protective Order shall be deemed to restrict in any way any Party's own documents or information, or the Party's attorneys with respect to that Party's own documents or information.

12. If a Party wishes to file documents with the Court which have been designated "CONFIDENTIAL" by another Party or Third Party pursuant to this Protective Order, such documents must be submitted with a request for filing under seal in compliance with Local Rule 79-5.1.

13. In the event that any Confidential Material is used in any Court proceeding in this action, the Party using such Confidential Material, shall take all reasonable steps to maintain its confidentiality during such use.

14. This Protective Order shall be without prejudice to the rights of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5

1  Parties or any other Third Party (a) to bring before the Court at any time the question
2  of whether any particular document or information is Confidential or whether its use
3  should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c)
4  for a separate protective order as to any particular document or information, including
5  restrictions differing from those as specified herein.

6      15. If a Party wishes to challenge the designation of materials stamped
7  "CONFIDENTIAL," the Challenging Party shall notify the Designating Party in
8  writing of the documents and basis for the challenge. The Designating Party shall
9  respond in writing within five (5) business days thereafter. If any disputes remain, the
10 parties shall meet and confer within four (4) business days of the Designating Party's
11 response in an effort to resolve such disputes. If any disputes remain unresolved, the
12 Challenging Party shall bring a motion seeking to remove the confidentiality
13 designation pursuant to Local Rule 37. The Designating Party shall provide its
14 portion of a joint stipulation to the Challenging Party pursuant to Local Rule 37-2.2
15 within five (5) business days after the parties meet and confer. Such motion shall
16 thereafter be governed by Local Rule 37-2.2 through 37-4. This Protective Order
17 shall not be deemed to prejudice the Parties in any way in any future application for
18 modification of this Protective Order.

19     16. This Protective Order is entered solely for the purpose of facilitating the
20 exchange of documents and information between the Parties to this action without
21 involving the Court unnecessarily in the process. Nothing in this Protective Order nor
22 in the production of any information or document under the terms of this Protective
23 Order nor any proceedings pursuant to this Protective Order shall be deemed to have
24 the effect of any admission or waiver by any Party or any Third Party or of altering
25 the confidentiality or non-confidentiality of any such document or information or
26 altering any existing obligation of any Party or any Third Party or the absence thereof,
27 or to impact in any way a Party's right to object to any discovery requests on any
28 grounds, including attorney-client privilege, work product immunity, or any other

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6

protection provided under the law.

17. While this Stipulation is for the Court's consideration and approval as an order, it shall also be construed to create a contract between the Parties or between the Parties and their respective counsel.

18. This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this action, Counsel for the Parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as Confidential. Alternatively, Counsel may agree to destroy all documents, materials, and deposition transcripts designated as Confidential, and provide written affirmation of such to opposing Counsel.

19. This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

20. In the event a party inadvertently discloses or produces any Confidential materials without designation, such inadvertent disclosure does not constitute a waiver of confidentiality status. A party may designate such documents/information Confidential within a reasonable time after such inadvertent disclosure.

21. If a party wishes to use another party's "confidential" documents at trial, the party shall advise the other party's counsel prior to offering the documents, with advance notice if reasonably practicable. The proponent of confidentiality then may move to file the documents under seal. The proponent also may move the Court to restrict access to the courtroom while the "confidential" documents are discussed. The other parties need not join in such motions.

22. In the event that a party is served with a subpoena by any person, firm,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

7

1 corporation, or other entity who is not a party to this action, is not a signatory to this
2 Order, or otherwise is not bound by this Order, which seeks to compel production of
3 Confidential documents, the party upon whom the subpoena is served shall give
4 written notice of the subpoena to the party who has asserted that the information or
5 documents sought by the subpoena is Confidential. The written notice required by this
6 Paragraph shall be given no later than seven (7) days after receipt of the subpoena, or
7 before the production date set forth in the subpoena, whichever is earlier. The party
8 who designated the subject information or documents as Confidential shall have the
9 responsibility to obtain from the Court an order quashing the subpoena, a protective
10 order, and/or such other relief as will protect the confidential nature of the subject
11 information or documents. If such a motion is filed before the requested production
12 date, the party upon whom the subpoena, discovery request, or order is served shall
13 not produce the subject information or documents requested in the subpoena,
14 discovery request, or order until after such time as the Court rules on the motion to
15 quash the subpoena or motion for protective order. If an order quashing the subpoena
16 or motion for protective order is obtained, the party upon whom the subpoena,
17 discovery request, or order is served shall comply with the order. If no motion to
18 quash or motion for protective order is filed before the scheduled production date set
19 forth in the subpoena, discovery request, or order, or if the motion to quash the
20 subpoena or motion for protective order is denied, the party upon whom the subpoena,
21 discovery request, or order is served may comply with the same without being deemed
22 to have violated this Order.
23
24
25
26
27
28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

8

23. This Stipulated Protective Order may be modified only if such modification is in writing, signed by the parties, and approved by an order of the Court.

**IT IS SO STIPULATED.**

Dated: July __, 2010

By: _____
STEVEN M. RUBIN
THE RUBIN LAW CORPORATION
Attorneys for Plaintiff
MAUREEN LOMELI

Dated: July 22, 2010

By: _____
STEVEN C. GLICKMAN
ZACHARY J. SHEPARD
GLICKMAN & GLICKMAN
A Law Corporation
Attorneys for Plaintiff
MAUREEN LOMELI

Dated: July __, 2010

By: _____
DOUGLAS A. WICKHAM
MICHELLE M. HOLMES
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
HULL & COMPANY, INC. AND
BROWN & BROWN, INC.

## Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order entered in MAUREEN LOMELI v. HULL & COMPANY, INC., BROWN & BROWN, INC.; and DOES 1 through 50, inclusive, United States District Court for the Central District of California, Civil Action No. SACV 09-1110-JVS (CWx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

_____
Name: _____
Address: _____
_____

Firmwide:96126612.1 040249.1022

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308